CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 27 2019

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BECKY PERKINS PIERSON, ) | |
| ) | |
| Petitioner, ) | Case No. 7:15CR00102 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Glen E. Conrad |
| ) | Senior United States District Judge |
| Respondent. ) | |

Becky Perkins Pierson, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The Government has filed a motion to dismiss. Pierson responded to that motion, and filed a further response styled as a motion for summary judgment. This matter is ripe for consideration. For the reasons below, the court will grant the Government's motion to dismiss and deny Pierson's motions.

## Background

On November 24, 2015, a federal grand jury issued a multi-count indictment, charging Pierson and several other defendants with drug-related crimes. Count One charged Pierson and others with conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Count Eleven charged Pierson with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On September 20, 2016, Pierson pled guilty to Count One. ECF No. 268. In her written plea agreement, Pierson agreed to "waive any right [she] may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel." ECF No. 268 at 7. Also pursuant to that agreement, the Government moved to dismiss Count Eleven. Id.; ECF No. 347.

The Presentence Investigation Report ("PSR"), prepared in anticipation of sentencing, recommended a total offense level of 25. ECF No. 366. The offense level calculation included a two-level increase because a firearm was located during a search of Pierson's bedroom. Id. at 19; U.S.S.G. § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase [offense level] by 2 levels."). The PSR also recommended a criminal history category of III, resulting in an advisory guideline range of imprisonment of 70–87 months. Id. at 20. Further, the PSR stated that without her plea agreement, Pierson's recommended sentence under the guidelines would have been 97 to 121 months. The PSR also noted that the plea agreement contemplated dismissing other charges against Pierson. Id. at 27.

On May 18, 2017, the court adopted the PSR, and sentenced Pierson to the statutory mandatory minimum of five years' incarceration—well below the guideline recommendation—and a four-year term of supervised release under 21 U.S.C. § 841(b)(1)(B). ECF No. 347. The court also noted in its Judgment that the court would have set aside the two-point enhancement for the firearm if Pierson had made a motion to do so. Id. at 2.

**Procedural History**

Pierson filed her § 2255 petition on October 26, 2018. ECF No. 365. Thereafter, United States Magistrate Judge Pamela Meade Sargent ordered Pierson to respond and explain why her petition should not be summarily dismissed as untimely. ECF No. 368. Following Pierson's response, the Government moved to dismiss Pierson's petition on multiple grounds, including timeliness, Pierson's waiver of collateral attack rights, and Pierson's mandatory minimum sentence.

Pierson responded to the Government's motion. Based on the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), Pierson argues that a 2-level enhancement for possession of a dangerous weapon under Guidelines § 2D1.1(b)(1) should not have been imposed in her case. In her subsequent response brief, Pierson points to United States v. Davis, 139 S. Ct. 2319 (2019) in further support of her argument. Pierson also argues that the court could impose a "safety valve" sentence, should it find that her sentence was unconstitutional. Pierson does not allege ineffective assistance of counsel in her petition or in any of her able briefing.

## Standard of Review

"[B]y its terms, § 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error." United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) (emphasis in original). To state a viable claim for relief under § 2255, a petitioner must prove: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pierson bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## Discussion

Even if Pierson's petition were timely,[1] Pierson's petition does not present grounds for § 2255 relief. In order to collaterally attack a sentence based upon alleged errors that could have

---

[1] The court avoids ruling on whether the Supreme Court's decisions in Dimaya and Davis have retroactive effect, which is currently an open question. See Davis, 139 S. Ct. at 2354 (Kavanaugh, J., dissenting) (stating whether majority decision had retroactive effect was unclear); but see Welch v. United States, 136 S. Ct. 1257, 1268 (2016) (holding that Johnson v. United States, 135 S. Ct. 2551 (2015) has "retroactive effect in cases on collateral review"); Montgomery v. Louisiana, 136 S. Ct. 718, 728–30 (2016), as revised (Jan. 27, 2016) (holding that "new substantive rules," which "set forth categorical constitutional guarantees that place certain criminal laws and punishments altogether beyond the State's power to impose," "are, indeed, retroactive" and subject to collateral attack).

been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which she complains. Alternatively, she must demonstrate that a miscarriage of justice would result if the court refuses to consider the petition. See United States v. Maybeck, 23 F.3d 888, 891–95 (4th Cir. 1994) (citing United States v. Frady, 456 U.S. 152, 167–68 (1982)).

First, Pierson fails to show actual prejudice because the firearm enhancement had no effect on Pierson's sentence: the court had, and still has, no authority to reduce Pierson's sentence below the statutory minimum. Pierson pled guilty to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). Under § 841(b)(1)(B), the mandatory minimum sentence is "not less than 5 years" of incarceration and four years of supervised release. A district court may only enter a sentence for less than a statutory mandatory minimum term for two reasons: if the Government files a substantial assistance motion under 18 U.S.C. § 3553(e), or if the defendant qualifies for safety-valve relief under 18 U.S.C. § 3553(f). Melendez v. United States, 518 U.S. 120, 128–30 (1996); United States v. McRae, 214 F. App'x 292, 293 (4th Cir. 2007).

This case presented no grounds for departing below the mandatory minimum sentence. The Government made no substantial assistance motion on Pierson's behalf, and Pierson's criminal history precluded safety-valve relief at the time of her sentencing. See ECF No. 366 at 23; 18 U.S.C. § 3553(f)(1) (2010) (defendant eligible for below-guidelines sentence if "the defendant does not have more than 1 criminal history point," among other requirements).[2]

---

[2] The changes to this provision under the First Step Act are not retroactive, and thus Pierson is not entitled to resentencing on these grounds. See First Step Act of 2018, Pub. L. No. 115-391, § 402(b), 132 Stat. 5194 (providing that the Act's changes to 18 U.S.C. § 3553(f)(1) "shall apply only to a conviction entered on or after the date of enactment" of the Act.); United States v. Vargas, 781 F. App'x 815, 821 (11th Cir. 2019) (noting that "Congress made the amendment applicable to convictions entered only on and after the date of enactment").

4

Accordingly, the court had no authority to impose a sentence below the statutory term, and the firearm enhancement did not affect Pierson's sentence. See United States v. Ward, 246 F. App'x 835, 839 (4th Cir. 2007) (ruling that any error in calculating offense level was harmless where court imposed mandatory minimum sentence and had no authority to depart downwards); see also Foote, 784 F.3d at 940–42 (no grounds for § 2255 relief based on sentencing error where sentence was within statutory range).

The authority Pierson cites does not change that result. Dimaya and Davis both addressed the definition of a "crime of violence." See generally Dimaya, 138 S. Ct. at 1216 (addressing the residual clause of 18 U.S.C. § 16, which defines a "crime of violence" for purposes of many federal statutes); Davis, 139 S. Ct. at 2324 (addressing "heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence or drug trafficking crime'" under 18 U.S.C. § 924(c)(1)(A)). Nowhere in either decision did the Supreme Court address the constitutionality or application of U.S.S.G. § 2D1.1(b)(1). And neither decision has any bearing on the constitutionality of the mandatory minimum sentence imposed for conspiracy to distribute 50 grams or more of methamphetamine, which involves no conviction for a "crime of violence."

Pierson points out that both § 924(c)(1)(A), addressed in Davis, and U.S.S.G. § 2D1.1(b)(1) concern the possession of a firearm. That is correct, but of no import. The constitutional faults addressed in Dimaya and Davis concerned ambiguity in the definition of "crime of violence." Those decisions did not address ambiguity in whether "a dangerous weapon (including a firearm) was possessed," or whether it was "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1); U.S.S.G. § 2D1.1 Application Note 11; see also United States v. Harris, 128 F.3d 850, 852–53 (4th Cir. 1997). As a result, neither Dimaya nor Davis affects the

5

calculation of Pierson's offense level. See United States v. Nwankwo, No. 12-CR-31, 2019 WL 4743823, at *1 (S.D.N.Y. Sept. 17, 2019) (holding Davis was not relevant to offense level calculation under § 2D1.1(b)(1) because the section "does not use or otherwise rely upon the term 'crime of violence'").

Second, Pierson fails to demonstrate that a miscarriage of justice would occur without relief. An alleged misapplication of the sentencing guidelines "typically does not constitute a miscarriage of justice." United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999). Rather, "'miscarriages of justice' in the post-conviction context are grounded in the notion of actual innocence." See Foote, 784 F.3d at 941. Pierson does not argue actual innocence, or even that she did not possess the gun at issue. Rather, she asks the court to address alleged errors in calculating the sentencing guidelines.

Finally, the court concludes that each of the claims raised in Pierson's § 2255 motion falls within the scope of her waiver of collateral-attack rights.[3] The United States Court of Appeals for the Fourth Circuit has recognized a narrow class of claims that fall outside the scope of a valid waiver. Claims such as the imposition of a sentence above the statutory maximum, sentencing based on an constitutionally impermissible factor such as race, United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or the complete denial of counsel at any stage of the proceedings following the entry of the plea, United States v. Attar, 38 F.3d 727, 732–733 (4th Cir. 1994), fall outside the scope of the waiver. Pierson has alleged no such claims.

---

[3] Pierson does not challenge the voluntariness of her plea agreement.

## Conclusion

For the reasons stated, the court will grant the Government's motion and deny Pierson's motions. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and all counsel of record.

DATED: This 26th day of November, 2019

/s/ Senior United States District Judge